United States District Court
Southern District of Texas
**ENTERED**
September 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal Case No. 2:10-CR-00757 |
| CHRISTOPHER JAMES TOBIN | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Christopher James Tobin's Motion Pursuant to 3582(c)(1)(A) for Compassionate Release (Dkt. No. 51), to which the Government has responded (Dkt. No. 54). For the reasons stated below, the Motion is **DENIED**.

### I. BACKGROUND

In 2011, Defendant pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. On the same day the indictment was returned, the Government filed an "Information of Prior Conviction and Notice of Enhancement of Punishment Pursuant to Title 21, U.S.C. § 851" (Dkt. No. 4), which stated that Defendant had previously been convicted in the Southern District of Texas of felony possession with intent to distribute cocaine. As a result, he was subject to a mandatory minimum sentence of 20 years' imprisonment.

Defendant has served approximately 127 months (53%) of his 240-month sentence and has a projected release date, after good time credit, of June 4, 2028. He now moves the Court to reduce his sentence to time served because his obesity, anemia, other undiagnosed medical conditions, and status as a Latino male make him particularly

vulnerable to severe illness or death should he contract COVID-19 in prison. He also claims that, if he were sentenced today, he would only be subject to a 15-year mandatory minimum sentence as opposed to the 20-year mandatory minimum sentence he received. Defendant filed administrative requests for compassionate release with the warden at FMC Butner on November 16, 2020, and December 8, 2020. Both requests were denied.

The Government opposes compassionate release because: (1) Defendant voluntarily declined to "provide self-care" and mitigate his risk of a severe COVID-19 infection when he refused vaccination against COVID-19; (2) the First Step Act's reduced mandatory minimum sentences do not constitute "extraordinary and compelling" circumstances here; (3) Defendant is a danger to the community as reflected by his significant criminal history and numerous disciplinary infractions while in custody;[1] (4) he has several years remaining on his sentence, and (5) other considerations under 18 U.S.C. § 3553(a) counsel against compassionate release.

## II. LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under certain limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

---

[1] Defendant's Inmate Discipline Data Sheet reflects that he was found to have possessed the narcotic drug Suboxone on three occasions. He was also sanctioned for assault, possessing intoxicants, and possessing prohibited items. As a result, he was denied visitation for more than two years from 2018 to 2020 and has been placed in disciplinary segregation five times while in BOP custody. (Dkt. No. 53, pp. 303–04).

2

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, ___ Fed. App'x ___, ___, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C.

§3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling

5

> circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. COVID-19 CONCERNS

Defendant is 48 years old and has offered evidence that he has a body mass index (BMI) of 32.0–32.9, which makes him mildly obese. According to the Centers for Disease Control and Prevention's (CDC) most recent COVID-19 risk factor list, "obesity (BMI ≥ 30 kg/m$^2$ but < 40 kg/m$^2$) . . . **can make you more likely** to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

6

medical-conditions.html (emphasis in the original).  The Government acknowledges that "[a]n inmate who has not been offered a vaccine, who presents a condition on that list, presents an 'extraordinary and compelling reason' allowing consideration of compassionate release."  (Dkt. No. 54, p. 10).  However, Defendant's medical records reflect that on February 10, 2021, he was offered the COVID-19 Pfizer-BioNTech vaccination, and he refused it.  (Dkt. No. 53, p. 253).  He has no known medical contraindication for the vaccine.

While the vaccine is not 100% effective at preventing COVID-19 infection, it reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions.[2]  For this reason, "[t]he glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate

---

[2]   According to recent data:
> Updated topline results from analysis of 927 confirmed symptomatic cases of COVID-19 observed in their pivotal Phase 3 study through March 13, 2021, showing the Pfizer-BioNTech COVID-19 vaccine, BNT162b2, was 91.3% effective against COVID-19, measured seven days through up to six months after the second dose. The vaccine was 100% effective against severe disease as defined by the U.S. Centers for Disease Control and Prevention (CDC), and 95.3% effective against severe COVID-19 as defined by the U.S. Food and Drug Administration (FDA).

*Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns Through Up to Six Months Following Second Dose in Updated Topline Analysis of Landmark COVID-19 Vaccine Study*, Pfizer (Apr. 1, 2021) https://www.pfizer.com/news/press-release/press-release-detail/pfizer-and-biontech-confirm-high-efficacy-and-no-serious.

As of August 9, 2021, more than 166 million people in the US had been fully vaccinated against COVID-19. During the same time, CDC received reports of 1,246 patients (.000751%) with vaccine breakthrough infection who died from COVID-19. *COVID-19 Vaccine Breakthrough Case Investigation and Reporting*, CDC, https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html (last visited Aug. 16, 2021).

release motion." *United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021).[3] As one court recognized:

> Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of

---

[3] *See, e.g.*, *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, — F. Supp. 3d. —, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, — F. Supp. 3d. —, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021); *United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascuzzio*, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).

> compassionate release. Denial of Defendant's request for release is warranted on this basis alone.

*United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021).

Moreover, "[t]hough obesity is an 'underlying medical condition' that poses 'increased risk for severe illness from COVID-19,' courts have found that obesity does not provide adequate grounds for compassionate release." *United States v. Gheith*, 2020 WL 5850162, at *4 (E.D. La. Oct. 1, 2020), *appeal dismissed*, 2021 WL 1565813 (5th Cir. Feb. 17, 2021) (citing *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of an obese defendant, reasoning that because "42.4% of American adults are obese and additional 32% are overweight," obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted"); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (denying compassionate release of a defendant whose "only active health problems are obesity and high blood pressure"); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (denying compassionate release upon finding that the defendant's "general complaint obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary")).

### B. FIRST STEP ACT

At the time Defendant was sentenced in 2011, there was a statutory mandatory minimum sentence of 20 years under 18 U.S.C. § 841(b)(1)(A) for an offender who had been properly noticed in accordance with 21 U.S.C. § 851 for a prior felony drug conviction. After December 21, 2018, the mandatory minimum sentence under Section

9

841(b)(1)(A) was reduced from 20 years to 15 years by Section 401 of the First Step Act (FSA). Pub. L. No. 115-391, § 401(a)(1)(i), 132 Stat. 5194, 5220 (2018). According to Defendant, the fact that he would receive a significantly lower sentence under current law constitutes an "extraordinary and compelling reason" for a reduction in sentence to time served. While framed in terms of "compassionate release," Defendant effectively seeks retroactive application of Section 401 of the FSA.

The determination as to whether a specific statutory provision shall be applied retroactively is made by Congress. *Dorsey v. United States*, 567 U.S. 260, 274 (2012). Section 401(c) of the FSA specifically provides that the amendments effected by Section 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." FSA § 401(c), 132 Stat. at 5221. Thus, Congress did not make Section 401 retroactive where, as here, the defendant was sentenced before the FSA's enactment on December 21, 2018.

## IV. CONCLUSION

The Court finds that Defendant has failed to demonstrate that extraordinary and compelling circumstances warrant his release. Accordingly, his Motion Pursuant to 3582(c)(1)(A) for Compassionate Release (Dkt. No. 51) is **DENIED**.

It is SO ORDERED.

Signed on August 31, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**